IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GARY LACY MARTIN, SR.,**
Petitioner,

v.                                                                            Civil Action No.  3:20cv475

**ISRAEL HAMILTON,**
Respondent.

## MEMORANDUM OPINION

Gary Lacy Martin, Sr., a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 3) challenging his convictions in the Circuit Court for the County of Gloucester ("Circuit Court") of three counts of burglary to commit larceny and three counts of grand larceny.  In his § 2254 Petition, Martin contends that he is entitled to relief upon the following grounds:

Claim One      Insufficient evidence supported Martin's convictions.  (§ 2254 Pet. 5.)[1]

Claim Two      Martin was denied the effective assistance of counsel.
  (a)      Trial counsel, John Dueswicz, failed to present available evidence to support Martin's alibi.  (*Id.* at 7.)
  (b)      Appellate counsel mishandled [Martin's] opportunity to present oral argument.  (*Id.*)  Appellate counsel also failed to say anything negative about his friend Mr. Dueswicz, who was Martin's trial counsel.  (*Id.*)

Respondent Israel Hamilton moves to dismiss on the grounds that Claims Two (a) and Two (b) are procedurally defaulted and Claim One lacks merit.  For the reasons that follow, the Supplemental Motion to Dismiss (ECF No. 17) will be GRANTED.

## I. PROCEDURAL HISTORY

Following a bench trial in the Circuit Court, Martin was convicted of three counts of

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to documents filed by the parties. The Court corrects the capitalization, punctuation, and spelling the quotations from the parties' submissions.

burglary to commit larceny and three counts of grand larceny. *Martin v. Commonwealth*, No. 1929-17-1, at 1 (Va. Ct. App. July 26, 2018). On appeal, Martin argued that the evidence was insufficient to support his convictions. *Id.* The Court of Appeals of Virginia rejected this argument. *Id.* at 1-3. Thereafter, the Supreme Court of Virginia refused Martin's petition for appeal. *Martin v. Commonwealth*, No. 181541, at 1 (Va. June 20, 2019). Martin did not file a state habeas petition. (ECF No. 3, at 3.)

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination through federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92, 492 n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each

appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[2] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental

---

[2] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

### A. Claims Two (a) and Two (b) are defaulted

Martin never filed a state habeas petition raising his ineffective assistance of counsel claims in Claims Two (a) and Two (b). These claims are now defaulted because Martin could have raised, but failed to raise, these claims in a state habeas petition, and now, such petition would be barred under the Virginia statute of limitations for state habeas actions, Va. Code Ann. 8.01–654(A)(2).[3] Section 8.01–654(A)(2) of the Virginia Code constitutes an adequate and independent procedural rule when so applied. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006). Thus, Claim Two (a) and Two (b) are procedurally defaulted. Further, as explained below, Martin fails to demonstrate any cause and prejudice for his default or a fundamental miscarriage of justice.

### B. Martin fails to demonstrate cause

The Court notes that *Martinez v. Ryan*, 566 U.S. 1 (2012),[4] fails to serve as cause for the default of Claim Two. Here, Martin never pursued any collateral proceedings in state court. Thus, *Martinez* is inapplicable to his claims and does not establish cause for the procedural default of

---

[3] This statute provides:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2021).

[4] In *Martinez*, the United States Supreme Court explained that ineffective assistance of counsel or the lack of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9.

these claims. *See Walton v. Ray*, No. 3:17cv474, 2018 WL 2978022, at *3 (E.D. Va. June 13, 2018) (citing *Pullen v. Dir., Va. Dep't of Corr.*, No. 7:14cv211, 2015 WL 159533, at *3 (W.D. Va. Jan. 13, 2015); *Anderson v. Clarke*, No. 2:13cv223, 2014 WL 1203032, at *5 (E.D. Va. Mar. 24, 2014)) ("*Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever." (quoting *Jones v. Pa. Bd. of Prob. & Parole*, 492 F. App'x 242, 246–47 (3d Cir. 2012))), *appeal dismissed*, 744 F. App'x 828 (4th Cir. 2018). Thus, *Martinez* fails to excuse Martin's default of Claims Two (a) and Two (b). Moreover, as explained below in Part V, these claims lack merit.

### III. APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty of 1996 ("AEDPA") further circumscribes this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473

(2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## IV. SUFFICIENCY OF THE EVIDENCE

In Claim One, Martin challenges the sufficiency of the evidence to support his convictions

for three counts of burglary to commit larceny and three counts of grand larceny. A federal habeas

petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier

of fact could find [proof of] guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307,

317 (1979). The relevant question in conducting such a review is whether, "after viewing the

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v.

Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the

evidence to support a criminal conviction is "whether the record evidence could reasonably support

a finding of guilt beyond a reasonable doubt." *Id.* at 318.

In rejecting Martin's challenge to the sufficiency of the evidence, the Court of Appeals of

Virginia aptly found:

> On August 4, 2016, three houses were burglarized and various items were
> stolen. An investigator from the sheriff's office recovered from a pawn shop some
> of the items, which had been sold by Bethany Wilson. The investigator recovered
> from a GameStop store items that had been sold by Remy Malloy.
> Further investigation showed that Martin had sold at least one item stolen
> during the burglaries by using the online application "OfferUp." The investigator
> arrested Martin after a sting operation during which more items stolen during the
> burglaries were found in Martin's truck. Wilson and Malloy testified at trial on
> behalf of the Commonwealth. Both testified that Martin chose the houses to
> burglarize, planned the burglaries, and participated in the burglaries by entering the
> houses and stealing the property.
> In his petition for appeal, Martin correctly notes that this Court "is not
> permitted to reweigh the evidence, because appellate courts have no authority to
> preside de novo over a second trial." (Citations omitted). Nevertheless, Martin's
> argument that the evidence is insufficient consists of a recitation of facts he believes
> are favorable to him. He concludes with the assertion that Wilson's and Malloy's
> testimony that Martin utilized his phone during the burglaries was "demonstrably
> untrue and patently false" based on the testimony from Martin's expert witness,
> who stated that a particular phone owned by Martin was not in the area of the houses

when they were burglarized. This Court, however, "must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Moreover, the "conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness'] testimony was inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Johnson v. Commonwealth*, 58 Va. App. 303, 315, 709 S.E.2d 175, 181 (2011) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991)). . . .

Evidence of stolen goods in Martin's truck and the testimony of Wilson and Malloy supported the trial court's finding of guilt. Martin provides no "principles of law and authorities" through which we can find as a matter of law that the facts were insufficient to convict him. His petition for appeal is therefore denied.

*Martin v. Commonwealth*, No. 1929–17–1, at 1–3 (Va. Ct. App. July 26, 2018) (alteration in original).

Despite Martin's arguments to the contrary, the evidence was sufficient for any rational factfinder to have found him guilty of three counts of burglary to commit larceny and three counts of grand larceny. Multiple witnesses, including Martin's two codefendant's implicated Martin in the crimes. Accordingly, Claim One will be DISMISSED.

## V. <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective

assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim Two (a), Martin faults counsel for failing "to pursue additional evidence to establish [his] alibi." (§ 2254 Pet. 7.) Specifically, Martin alleges that he informed his trial counsel that his codefendants, "Mr. Milloy and Mrs. Wilson drove [Martin's] truck thru a toll booth across the Coleman Bridge to get into Gloucester County from York County. There are pictures of every vehicle crossing thru the toll." (ECF No. 21, at 2.) Martin contends that trial counsel delayed so long in pursuing the evidence that it was lost. (*Id.*) This claim suffers from several deficiencies.

First, Martin fails to proffer any evidence of the alleged exculpatory information. *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (requiring "concrete evidence" of exculpatory information). Second, this information would not have significantly bolstered Martin's flimsy alibi. Apparently, Martin suggests that the photos might have shown Milloy and Wilson driving Martin's truck and might not have shown him in the truck. Ms. Wilson testified that she drove the truck while Martin gave directions. (Aug. 14, 2017 Tr. 123.) The evidence further reflected that Martin would often conceal himself by lying down in the back of the truck. (Aug. 14, 2017 Tr. 159.) Thus, the fact that Martin failed to appear in some photo of the truck is not of significant exculpatory value. Accordingly, Claim Two (a) will be DISMISSED because Martin fails to demonstrate prejudice.

In Claim Two (b), Martin's contends appellate counsel mishandled the opportunity to present oral argument for Martin's appeal. Martin also faults appellate counsel for failing to say anything negative about his friend Mr. Dueswicz, who was Martin's trial counsel. Martin fails to demonstrate any possibility of a different result had counsel appeared and presented oral argument. Moreover, Martin fails to demonstrate that appellate counsel had any viable claim against trial counsel. Accordingly, Claim Two (b) will be DISMISSED because Martin fails to demonstrate

prejudice.

## VI. CONCLUSION

For the foregoing reasons, Hamilton's Supplemental Motion to Dismiss (ECF No. 17) will

be GRANTED.  Martin's claims will be DISMISSED, and his § 2254 Petition (ECF No. 3) will

be DENIED.  The action will be DISMISSED.  A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

Date: 11 January 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

9